1

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, <br><br> Plaintiff, <br><br> v. <br><br> **In-N-Out Burgers**, a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. 2:17-cv-05431-GW-KS <br><br> **Joint Status Report (Rule 26) for Scheduling Conference** <br><br> Date:    November 9, 2017 <br> Time:    8:30 a. m. <br><br><br> Honorable Judge George H. Wu |

1

1   Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the
2   Order Setting Scheduling Conference filed September 11, 2017, the parties
3   submit the following Joint Report.

4

5   **I.     Brief Factual Summary of the Case and Claims Being Asserted**

6   <u>Plaintiff</u>: Raul Uriarte-Limon is a paraplegic who uses a wheelchair for
7   mobility. Defendant In-N-Out Burgers, a California Corporation, owns the
8   real property located at or about 1851 Indian Hill, Pomona, California.
9   Defendant In-N-Out Burgers also owns the In-N-Out Burgers restaurant
10  ("Restaurant") located at or about 1851 Indian Hill, Pomona, California.

11  The Restaurant is inaccessible to wheelchair users. The restroom
12  doorway clear passage width was 23 inches and inaccessible to wheelchair
13  users. Additionally, and even though the plaintiff was able to overcome the
14  barrier, the transaction counter is 39 inches in height. There is no lowered, 36
15  inch portion of counter for use by persons in wheelchairs.

16  The defendant's failure to provide for an accessible transaction counter
17  and accessible restroom doorway at the Restaurant is a violation of the ADA
18  and is discriminatory against the plaintiff. Defendant violates plaintiff's rights
19  under the American with Disabilities Act and the Unruh Civil Rights Act, and
20  therefore, he seeks injunctive relief and statutory minimum damage award.

21  <u>Defendant</u>:  Defendant denies Plaintiff's allegations and denies that
22  Plaintiff is entitled to any injunctive relief or damages whatsoever.

23

24  **II.    Complexity**

25  This case is not complex. There is no need for reference to the
26  procedures set forth in the Manual on Complex Litigation.

27

28  //

2

**III.    Motions Schedule**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the American with Disabilities Act. This will occur after the necessary depositions are taken in this case. Plaintiff also intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendant: Defendant will file a motion for summary judgment/adjudication once necessary discovery is complete.

**IV.    Settlement**

The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

**V.    Trial Estimate**

The parties anticipate a 2-3 day trial. The parties propose that the Final Pretrial Conference be set for November 26, 2018 and the Trial date be set for December 11, 2018.

**VI.    Additional Parties**

The parties do not anticipate joining any additional parties.

//
//

3

## VII.    Expert Witnesses

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A.    Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties consent to exchange Initial Disclosures by November 17, 2017.

**B.    Discovery**

Plaintiff: will seek discovery related to: (1) ownership and operation of the business; (2) lack of accessible transaction counter and accessible restroom doorway at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

Defendant: Defendant will propound written discovery regarding Plaintiff's standing, prior ADA lawsuits, injunctive relief demands, alleged barriers, and claims for statutory damages.  Defendant will also take Plaintiff and his expert's depositions as well as the depositions of any percipient witnesses.

The parties do not propose to conduct discovery in phases. The parties propose a discovery cutoff date of September 17, 2018.

**C.      Electronic Discovery**

<u>Plaintiff</u>: hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendant</u>:  Plaintiff can propound discovery requests pursuant to the applicable rules.

**D.      Privilege Issues**

The parties do not see any issues regarding privilege in this case.

**E.      Changes to Discovery Rules**

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant</u>:  This is a straightforward ADA barrier case.   There is no need for more discovery than permitted by the rules.   If Plaintiff wants additional discovery, then he can file a motion and attempt to demonstrate "good cause."

**F.      Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure.

<u>Plaintiff</u>:  Plaintiff propose the following case management dates:

| Matter | Date |
|---|---|
| Last day to Amend Pleadings or Add Parties | 6/18/2018 |

| | |
|---|---|
| Initial Expert Disclosure | 8/6/2018 |
| Rebuttal Expert Disclosure | 9/3/2018 |
| Discovery Cut Off Date (including experts) | 9/17/2018 |
| Last day to conduct settlement conference | 10/1/2018 |
| Pretrial Conference | 11/26/2018 |
| Trial | 12/11/2018 |

<u>Defendant</u>:  Defendant proposes the following case management dates:

| Matter | Date |
|---|---|
| Last day to Amend Pleadings or Add Parties | 12/08/2017 |
| Initial Expert Disclosure | 01/08/2018 |
| Rebuttal Expert Disclosure | 02/12/2018 |
| Discovery Cut Off Date (including experts) | 9/17/2018 |
| Last day to conduct settlement conference | 10/1/2018 |
| Pretrial Conference | 11/26/2018 |
| Trial | 12/11/2018 |

Joint Report of Counsel                                                     2:17-cv-05431-GW-KS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: October 25, 2017          CENTER FOR DISABILITY ACCESS


By: _/s/Dennis Price_
Dennis Price
Attorneys for Plaintiff


Dated: October 25, 2017          SHEPPARD, MULLIN, RICHTER &
                                 HAMPTON LLP


By: _/s/ Michael J. Chilleen_
Michael J. Chilleen
Attorney for Defendant

7

1

## **SIGNATURE ATTESTATION**

2

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories

3

listed, and on whose behalf the filing is submitted, concur in this document's

4

content and have authorized the filing of this document with the use of their

5

electronic signature.

6

7

8

9        Dated: October 25, 2017                CENTER FOR DISABILITY ACCESS

10

11

12

13                                                          By: */s/Dennis Price*
                                                            Dennis Price
14                                                          Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Report of Counsel                                                    2:17-cv-05431-GW-KS