CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., SBN 111282
SARA N. GUNDERSON, ESQ., SBN 302582
Mail: P.O. Box 262490
San Diego, CA 92196-2490
Deliveries: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
SaraG@potterhandy.com

Attorneys for Plaintiff Raul Uriarte-Limon

SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorney for Defendant In-N-Out Burgers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon,** | Case No. 2:17-CV-05431-GW (KSX) |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| v. | |
| **In-N-Out Burgers,** a California Corporation; and Does 1-10, | |
| Defendants | |

The parties hereby stipulate that the following provisions shall apply to all discovery in this litigation, to govern the use and dissemination of information, documents, and other tangible items designated as CONFIDENTIAL INFORMATION as set forth below:

-1-

1.     <u>Designation of Confidential Information</u>

    This Confidentiality and Protective Order applies to all discovery in this action whether directed to the Parties or third parties. Confidential information is information, documents or other material that concerns or relates to personal, private, confidential, commercially sensitive, and/or proprietary information of the Parties which the Parties would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, website design, non-publically available financial data, contracts and agreements, current and future business plans, marketing research, development or commercial information, projections, analyses or studies, costs, pricing, or purchasing information, training and operation policies and procedures, sensitive medical information, personal identifying information, and other non-public, confidential information ("CONFIDENTIAL INFORMATION").

    A Party may designate information as CONFIDENTIAL INFORMATION by placing a stamp or notice stating "CONFIDENTIAL" prior to production. The designation shall be placed on the first page of each document which is bound, stapled, or otherwise affixed by a permanent or semi-permanent means of attachment, and on each page of any document not so affixed. If information is produced in electronic format, such information may be designated as CONFIDENTIAL INFORMATION by placing a stamp or notice on the storage medium.

    With respect to documents produced by third parties, designation may be made within 45 days after receipt by counsel. With respect to documents made available for inspection and copying, designation need not be made until after inspection and selection by counsel. Any such designated documents shall be stamped "CONFIDENTIAL" by the copying service selected by the inspecting Party.

-2-

Information disclosed at a deposition (including without limitation, questions, answers and exhibits) may be designated as CONFIDENTIAL INFORMATION by a statement on the record, or in writing within 30 days after completion of the original transcript of the deposition. The entire deposition transcript may not be labeled as CONFIDENTIAL INFORMATION, rather, only specific lines that contain CONFIDENTIAL INFORMATION may be so designated. If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

2.    Subsequent Designation

Information or documents inadvertently disclosed without being designated as CONFIDENTIAL INFORMATION may be subsequently designated as such with written notice of that designation and a replacement copy, marked in accordance with this Protective Order. There will be no breach of this Protective Order for any disclosure made prior to receipt of such notice that would otherwise have been authorized by this Protective Order but for the subsequent designation. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

3.    Challenging Designation

A Party may challenge the designation of any document as "CONFIDENTIAL INFORMATION" under this Protective Order by notifying the Designating Party in writing of said challenge, including the identity of each document to which the challenge is directed and the bases supporting the challenge. Within seven (7) days of receipt of such challenge, the Parties shall meet-and-confer in good faith in an effort to resolve the matter informally. If the Parties are unable to resolve their dispute, the Challenging Party must file a motion to determine the propriety of the challenged designation. Any motion challenging a designation shall be made in strict compliance the Local Rules of the Central District of California, including the Joint Stipulation requirement. Until the

-3-

Court rules on the challenge, all Parties shall continue to treat the material as confidential.   The Designating Party shall bear the burden of demonstrating that confidential treatment is warranted.

4.   <u>Permissible Disclosures</u>

Material designated as CONFIDENTIAL INFORMATION shall be used only for the prosecution or defense of this litigation and for no other purpose, and may not be disclosed to any person other than:

    A.      The Court and its personnel;

    B.      Any mediator or settlement officer that may be retained by the Parties;

    C.      The Parties and their agents, independent contractors, and employees who have a reasonable need to know such information;

    D.      The Parties' counsel of record, including their support staff;

    E.      Consultants or experts retained by any Party for purpose of assisting in the preparation, investigation, or presentation of claims or defenses in this litigation;

    F.      Copy, data, hosting, court reporters, and other providers of litigation services retained by the Parties for the purposes of this litigation; and

    G.      A witness in this litigation that may be examined and may testify concerning CONFIDENTIAL INFORMATION.

Any person to whom CONFIDENTIAL INFORMATION is shown and falls within paragraph (B) or (E) shall agree in writing to be bound by the terms of this Protective Order by signing an "Agreement to be Bound by Protective Order" attached as Exhibit A hereto.   The original, executed Agreement to be Bound by Protective Order signed by persons receiving CONFIDENTIAL INFORMATION shall be maintained by counsel who obtained the agreement and shall be produced to the Designating Party at his written request.

-4-

Notwithstanding any restrictions in this Confidentiality and Protective Order regarding the use or disclosure of materials designated as CONFIDENTIAL INFORMATION, nothing contained herein shall prevent any Party from disclosing its own CONFIDENTIAL INFORMATION as deemed appropriate.   In addition, nothing contained herein shall prevent any Party from disclosing or using information designated as CONFIDENTIAL INFORMATION that it received from a source other than the discovery process in this action.

5.   Protection from Disclosure

Anyone in possession of CONFIDENTIAL INFORMATION shall take reasonable measures to bar access to the designated information by anyone not allowed access pursuant to the terms of this Confidentiality and Protective Order.  If anyone subject to this Confidentiality and Protective Order receives a subpoena or other process to produce CONFIDENTIAL INFORMATION, then the recipient shall promptly give notice of the same to the Designating Party's counsel.  The recipient may not produce any CONFIDENTIAL INFORMATION prior to the date specified for production to afford the Designating Party an opportunity to object to the process and seek protection from the Court.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all unauthorized copies, notes, excerpts and summaries of the CONFIDENTIAL INFORMATION, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.  However, nothing contained in this Confidentiality and Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

-5-

6.  <u>Filing and Use in Court of Designated Confidential Documents</u>

If any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

The foregoing procedures do not apply to the use of CONFIDENTIAL INFORMATION during trial.  The Parties agree to meet-and-confer in advance of the final pretrial conference to discuss the use of CONFIDENTIAL INFORMATION at trial in a manner acceptable to the Parties and the Court.

7.  <u>Non-Termination</u>

The provisions of this Confidentiality and Protective Order shall not terminate at the conclusion of this action and the obligation to comply shall continue indefinitely thereafter.  Following the conclusion of this litigation (defined as the end of this matter by trial, motion, or settlement and, if concluded by motion or trial, the exhaustion of available appeals or the running of time for taking such appeals, as provided by applicable law), the Parties subject to this Protective Order shall, upon request of the Designating Party, make reasonable efforts to return or destroy all copies of CONFIDENTIAL INFORMATION, but are not required to return or destroy attorney work product or pleadings that may include or quote from CONFIDENTIAL INFORMATION.  As used in this subdivision, "all Confidential Material" includes all copies, abstracts, excerpts, and any other format reproducing or capturing any CONFIDENTIAL INFORMATION.

**IT IS SO STIPULATED.**

1

2   DATED:  February 9, 2018                    CENTER FOR DISABILITY ACCESS

3

4                                               By: /s/ Sara N. Gunderson

5                                               SARA N. GUNDERSON
                                                Attorneys for Plaintiff
6

7

8   DATED:  February_9, 2018                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10                                              By: /s/ Michael Chilleen

11                                              MICHAEL CHILLEEN

12                                              Attorneys for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER