CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, <br><br> Plaintiff, <br><br> v. <br><br> **In-N-Out Burgers;** <br><br> Defendant. | **Case:** 2:17-CV-05431-GW-KS <br><br> **Plaintiff's Memorandum of Points and Authorities** <br><br> Date:  April 2, 2018 <br> Time:  8:30 a.m. <br> Ctrm:  9D (9th Floor) <br><br><br> Hon. Judge George H. Wu |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ..................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ......................... 1

   I.   PRELIMINARY STATEMENT ...................................................... 1

   II.   RELEVANT FACTS ....................................................................... 2

   III.  LEGAL STANDARD ..................................................................... 3

   IV.   THE LACK OF ACCESSIBLE RESTROOMS ......................... 3

      A.  Plaintiff is Disabled................................................................... 5

      B.  Defendants Own and Operates a Place of Public Accommodation 5

      C.  The Restaurant Had Barriers That Were Readily Removed........ 6

      D.  Widening the Restroom Doorway is Readily Achievable........... 7

      E.  The Plaintiff Encountered This Violation and Is Being Deterred From Patronage....................................................................... 8

   V.  THE LACK OF A COMPLIANT RESTROOM IS UNLAWFUL UNDER CALIFORNIA LAW ........................................................... 8

   VI.  REMEDIES ................................................................................. 9

   VII.  CONCLUSION............................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
   603 F.3d 666 (9th Cir. 2010) ................................................................ 4

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986) ............................................................................. 3

*Chapman v. Pier 1 Imports (U.S.) Inc.*
   631 F.3d 939 (9th Cir. 2011) ........................................................... 4, 6

*Cullen v. Netflix, Inc.*,
   880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................................. 8

*D'Lil v. Best Western Encina Lodge & Suites*,
   538 F.3d 1031 (9th Cir. 2008) ............................................................. 9

*Doran v. 7-Eleven, Inc.*,
   524 F.3d 1034 (9th Cir. 2008) ............................................................. 9

*Moeller v. Taco Bell Corp.*
   816 F.Supp.2d 831 (N.D. Cal. 2011) ................................................... 4

*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724 (9th Cir. 2007) .......................................................... 9, 10

*Rush v. Denco Enterprises, Inc.*,
   857 F. Supp. 2d 969 (C.D. Cal. 2012) ................................................. 6

**Statutes**

42 U.S.C. § 12102(2)(A) .............................................................................. 5
42 U.S.C. § 12181(7)(B) .............................................................................. 5
42 U.S.C. § 12181(7)(F) .............................................................................. 5
42 U.S.C. § 12188(a) ................................................................................... 5
42 U.S.C. §§ 12183(a)(2) ......................................................................... 4, 5
Cal. Civ. Code § 55.56(a) ............................................................................ 9

Cal. Civ. Code § 55.56(b) ............................................................................ 10

Civ. Code § 51 (f) ........................................................................................ 8

**Other Authorities**

28 C.F.R. § 36.211(a) .................................................................................. 8

28 C.F.R. § 36.304(b) .................................................................................. 8

28 C.F.R., Part 36, Appendix C, section 36.211 ........................................ 8

28 C.F.R., Part 36, Appendix D
  ("ADAAG") § 4.27 ................................................................................. 6

Department of Justice, Technical Assistance Manual on the American with
   Disabilities Act (BNA) §§ III-4.4100 (1991) ........................................ 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Mr. Uriarte-Limon is paraplegic, and must use a wheelchair for mobility. In November 2016, he visited his local In-N-Out to enjoy a meal. During his visit, he was unable to use the restroom because the doorway was too small to fit his wheelchair through. A simple thing like having access to a restroom when going out to eat is a basic right that was unequivocally denied to Mr. Uriarte-Limon, and it was embarrassing, frustrating and troublesome for him.

Although the law has required these simple accommodations for disabled Americans for 25 years, Mr. Uriarte-Limon is continuously confronted with inaccessible bars, restaurants, shops, hotels, and the like. And, he has been vilified for his decision to haul law breaking businesses before courts and tribunals of the state to hold them accountable. In this case, the Defendant's failure to provide an accessible restroom is illegal and discriminatory under the ADA and has been for 25 years. The In-N-Out location at issue has likewise been in operation for decades. Therefore, Defendant has had years to effectuate a plan to bring this location into compliance. Because Defendants have violated the law by excluding Mr. Uriarte-Limon and customers like him for over two decades, Mr. Uriarte-Limon seeks an Order finding that Defendant violated the Americans with Disabilities Act, and in turn, the Unruh Civil Rights Act, as well as a single penalty of $4,000 for the barriers he encountered.  Due Plaintiff having recently moved for leave to file a first amended complaint, Plaintiff reserves his request for injunctive relief for trial.

## II. RELEVANT FACTS

Plaintiff Raul Uriarte-Limon is paraplegic and cannot walk; he uses a wheelchair for mobility. (SUF #1). Defendant In-N-Out Burgers owns the In-N-Out restaurant located at 1851 Indian Hill, Pomona, California. (SUF #2). Defendant has operated this In-N-Out location since the 1970s. (SUF #3). In-N-Out is a business establishment and place of public accommodation. (SUF #4).

On November 3, 2016, Mr. Uriarte-Limon went to In-N-Out to eat. (SUF #5). On his visit, he attempted to use the restroom. (SUF # 6). However, the doorway to the restroom measures only 23 inches wide. (SUF #7). When Mr. Uriarte-Limon went to use the restroom, the doorway was too narrow for him to fit his wheelchair through. (SUF #8). As a result, Mr. Uriarte-Limon was unable to access and use the restroom on the day of his visit. (SUF #9). This caused Mr. Uriarte-Limon difficulty, discomfort and frustration. (SUF #10).

On January 17, 2018, Plaintiff's expert, Paul Bishop, conducted an expert site inspection of In-N-Out. (SUF #11). Mr. Bishop found that the condition of the restroom doorway has not changed. (SUF #12). The doorway of the south restroom can be widened to accommodate a 32-inch wide door by equipping the wider door with offset hinges. This work can be completed for approximately $3,000-$4,000. (SUF #13). Defendant is not contending that it does not have the financial resources to remedy the barrier. (SUF #14).

Mr. Uriarte-Limon lives less than five miles away from this In-N-Out location. He enjoys the food at In-N-Out and intends to eat there regularly once the barriers are removed. (SUF #15).

### III.  LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party can bring a motion for summary judgment where there is no genuine dispute as to any material fact. Motions for summary judgment are not "disfavored." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In the present case, there can be no genuine dispute over the facts regarding Plaintiff's damages and those facts inform the court and the parties that it would be a waste of judicial resources for this issue to proceed to trial. There is no genuine issue of material fact and this court should grant the Plaintiff's motion.

### IV.  THE LACK OF ACCESSIBLE RESTROOMS

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of

places of public accommodation.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;

    4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);

    5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Mr. Uriarte-Limon's civil rights were violated because the Defendants failed to provide an accessible restroom and transaction counter. Plaintiff will discuss each element, seriatim.

### A. Plaintiff is Disabled

Mr. Uriarte-Limon is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. (SUF #1). There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability). Given Mr. Uriarte-Limon's inability to walk, this is not a genuine issue.

### B. Defendants Own and Operates a Place of Public Accommodation

In-N-Out is a restaurant. Restaurants, bars, or other establishments serving food or drink are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(B). Therefore, In-N-Out is a place of public accommodation, which the Defendants admit. (SUF # 4). The Defendants own and/or operate this place of public accommodation. (SUF # 2-3). The Defendants, therefore, have an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

### C. The Restaurant Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id.*

The lack of a sufficiently wide restroom doorway is a barrier. All doors to restrooms must have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

Currently, and of the date of Mr. Uriarte-Limon's visit to In-N-Out, the restroom doorway did not meet the minimum width. (SUF #7, 12).

### D. Widening the Restroom Doorway is Readily Achievable

Widening the restroom doorway is readily achievable. The phrase "readily achievable" is defined by the code as: "…easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include—

(A) the nature and cost of the action needed under this chapter;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and,

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. 42 U.S.C. § 12181(9).

Notably, Defendant is not asserting lack of financial resources as part of a readily achievable defense, therefore cost is no longer a relevant factor. (SUF #14). As noted above, Plaintiff's expert opines that the doorway of the south restroom can be widened to accommodate a 32-inch wide door by equipping the wider door with offset hinges. This work can be completed for approximately $3,000-$4,000. (SUF #13). While

Defendant has waived a financial wherewithal defense, the cost of remediating the doorway is objectively inexpensive, in any event. The fix itself is also easily accomplishable. Installing off-set hinges to accommodate a wider door does not require that walls be demolished or removed or that any part of the interior be restructured.

Moreover, even a cursory review of the Code of Federal Regulations indicates that this type of action, i.e., widening doorways and installing off-set hinges to widen doorways, are the types of actions that are identified as likely to be readily achievable. 28 C.F.R. § 36.304(b)(8), (9).

In sum, the Defendants failed to remove barriers that were readily removed and, therefore, violated the Plaintiff's rights under the ADA.

### E. The Plaintiff Encountered This Violation and Is Being Deterred From Patronage

Not only did Mr. Uriarte-Limon personally encounter this violation, but he faces the threat of continued and repeated violations. Defendants are required to provide an accessible restroom. Until Defendants are ordered to do so, Plaintiff will continue to be aggrieved by the barrier.

In sum, there has been a violation of the American with Disabilities Act.

## V. THE LACK OF A COMPLIANT RESTROOM IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal.

2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski*, 481 F.3d at 731. As discussed above under section "IV", the defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI.  REMEDIES

In this motion, Plaintiff seeks statutory damages (Plaintiff is reserving injunctive relief for trial in light of his recent request for leave to file a first amended complaint) (ECF-24). Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b).

Here, Mr. Uriarte-Limon personally encountered the access standards violations on his November 3, 2016 visit. Thus, Mr. Uriarte-Limon seeks a single statutory penalty. There are no genuine issues in dispute here and the Plaintiff is entitled to the statutory award of $4,000 under the Unruh Civil Rights Act for his single encounter. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Plaintiff seeks an award of $4,000.

## VII.  CONCLUSION

The Plaintiff respectfully requests this Court grant his motion.

Dated: March 5, 2018          CENTER FOR DISABILITY ACCESS

By: /s/ Sara N. Gunderson
    Sara Nicole Gunderson
    Attorneys for Plaintiff